ROIG, PLAINTIFF AND APPELLEE, *v.* BARLETTA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 2138.—Decided June 11, 1920.

BANKRUPTCY—DISCHARGE.—A claim which is not included in the schedule referred to in subdivision 8 of section 7 of the bankruptcy law is not affected by the discharge mentioned in section 17 of the said law, unless it is shown that the creditor had notice or actual knowledge of the proceedings in bankruptcy.

ID.—A claim established by a jugdment is something tangible in business and can be negotiated.

PARTNERSHIP—LIABILITY OF PARTNERS.—The fact that a mercantile partnership goes out of existence, or in some manner closes its business, does not imply of itself the termination of the personal subsidiary liability of its members.

The facts are stated in the opinion.

*Mr. P. Fajardo* for the appellants.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The defendants in this case are the members of the mercantile firm of Vicente Barletta & Company. They were all managing partners with an equal share in the gains, losses and liabilities of the partnership.

On October 19, 1917, the District Court of Mayagüez entered judgment against the defendants in an action brought by Pedro Olivari against Vicente Barletta & Company for the sum of $592.03, with interest at the legal rate from the date of the filing of the complaint. A writ was issued for the execution of the said judgment and it was returned *nulla bona.*

At this stage Olivari assigned to Juan Roig all his right, title and interest in the said judgment for the sum of $550 and Roig brought the present action against the partners individually to recover $592.03 capital and $51.49 interest. The district court entered judgment in favor of Roig and the defendants appealed to this court.

The facts which we have set forth appear clearly from the pleadings and the evidence. The questions raised by the defendants in the lower court and urged before this court are: (1) That the judgment of October 19, 1917, was satisfied by virtue of a bankruptcy proceeding instituted by Vicente Barletta & Company in the Federal Court; (2) that the assignment by Olivari to Roig is null and void; (3) that the issue was decided in the action brought by Olivari against Vicente Barletta & Company.

1. In fact it was alleged and proved that Vicente Barletta & Company were adjudged bankrupts and by virtue

of a composition which was confirmed by the United States District Court and in which they agreed to pay their creditors twenty-five per cent of the amount of their respective claims, they were discharged from all further liability.

However, that discharge can not apply to the debt sued for in this action, because Olivari, who was a creditor of the firm when it filed its petition in bankruptcy, was not included in the schedule of creditors and was not summoned in the proceeding, nor was it shown that he had knowledge of the proceeding.

Subdivision 8 of section 7 of the Bankruptcy Law in force reads:

"The bankrupt shall　*　*　*　(8)　prepare, make oath to, and file in court within ten days unless further time is granted, after the adjudication,　*　*　*　and a list of his creditors, showing their residence, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof,　*　*　*　".

And subdivision 3 of section 17 of the same law, relative to debts not affected by a discharge, prescribes that—

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as　*　*　*　(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy;".

2. The appellants contend that the assignment by Olivari to Roig is null and void because what does not exist can not be assigned and because, in any event, the right assigned was uncertain.

This error depends upon the one that precedes it. It is maintained that the credit did not exist by reason of the discharge. We have already held that the said discharge did not affect this claim; therefore the point is decided against the appellants.

A claim established by a judgment is something tangible

in business and can be negotiated. The uncertainty that may exist in such a case is something for the contracting parties to consider and can not be held to be a ground of nullity.

3. The appellants insist that as the mercantile partnership of Vicente Barletta & Company was adjudged a bankrupt, its personality became wholly extinguished, and the defendants being members of said partnership, their liability ceased together with that of the partnership.

This is the same question presented in another form. There exists here a valid judgment against a mercantile partnership which was adjudged a bankrupt and the judgment was entered in favor of a creditor who was not included in nor affected by the bankruptcy proceeding. The fact that a mercantile partnership goes out of existence, or discontinues its business in any manner, does not of itself imply the cessation of the personal subsidiary liability of its partners. Such liability continues to exist, as it did in this case, according to law.

By virtue of all the foregoing the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.